DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Joseph S. Evans, Jr., has filed a notice of appeal from several rulings by the trial court denying pre-trial motions in his criminal case. These rulings denied Evans' four pro se motions: (1) motion to allow Evans to represent himself, (2) motion for discovery, (3) motion for alternative notice to court for jury demand, and (4) motion for leave to serve interrogatories and admissions upon persons not a party to this action. In the order denying the fourth motion, the trial court judge also entered the following order:
 {¶ 2} "Defendant may not file pro se motions — Attorney is on this case." *Page 2 
 {¶ 3} We find that Evans cannot appeal from the denial of his motions or the order that he cease pro se filings unless he is convicted of the charges against him. R.C. 2505.02 governs what orders are appealable, and states in pertinent part:
 {¶ 4} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 11} The orders being presently appealed do not fit into R.C.2505.02(B)(1) since they do not end the case by either convicting or acquitting Evans. R.C. 2505.02 (B)(2) does not apply to these orders since this is an ordinary criminal proceeding, not a *Page 3 
"special proceeding" as defined in R.C. 2505.02(A)(2) ("[A]n action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.") Since the orders being appealed do not set aside a judgment or grant a new trial, R.C. 2505.02(B)(3) is not applicable. Finally, since each of the orders of the trial court being appealed can be adequately reviewed by this court in the event that Evans is convicted, R.C. 2505.02(B)(4) does not apply.
 {¶ 12} This court only has jurisdiction to hear appeals from final orders. See, Section 3(B)(2), Article IV of the Ohio Constitution.
 {¶ 13} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."
 {¶ 14} Accordingly, the court orders this appeal dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. All pending motions are moot and denied.
 APPEAL DISMISSED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1